IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Small Business Administration),<br><br>    Plaintiff<br><br>    v.<br><br>JOHN DOE and RICHARD ROE, as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding,<br><br>    Defendants | CIVIL NO. 09-1279 (JP) |

**JUDGMENT BY DEFAULT**

    Before the Court is Plaintiff's motion for default judgment (**No. 9**). Defendants were duly served by publication pursuant to Order of this Court (No. 4) and notice published in the newspaper during the days of June 4, 10, 17, and 24, 2009, and July 1 and 8, 2009, as per verified statement filed with the Clerk of this Court. Pursuant to Rule 4 of the Rules of Civil Procedure of Puerto Rico, Article 82 of the Mortgage Law, P.R. Laws Ann. tit. 30, § 156, and 28 U.S.C. § 1655, the Defendants were ordered to appear and answer the complaint. Default was entered by the Clerk of the Court on August 7, 2009 (No. 11). Noting that none of the Defendants has appeared or answered the complaint, after due deliberation and consideration, the Court makes the following findings of fact and conclusions of law.

CIVIL NO. 09-1279 (JP)            -2-

I.  **FINDINGS OF FACT**

On or before June 22, 1990, José M. Aponte-Cruz and Migdalia Dones-Castillo, received from the United States of America, acting through the Small Business Administration, a loan in the amount of $32,700.00 on the property described below.

In evidence of the money lent by Plaintiff United States of America, Small Business Administration, José M. Aponte-Cruz and Migdalia Dones-Castillo, executed in favor of the Plaintiff a promissory note dated June 22, 1990, in the amount of $32,700.00 at a four percent interest rate per annum, payable to Small Business Administration.

To secure the payment of said promissory note, José M. Aponte-Cruz and Migdalia Dones-Castillo, executed a first mortgage in favor of the Plaintiff, United States of America, on June 22, 1990, by First Mortgage Deed No. 22 before Notary Public José A. Banuchi, over the following described property:

> **RUSTICA: Solar Núm. 38.  Predio de terreno de forma triangular, radicado en el BARRIO RÍO CAÑAS del término municipal de Caguas, Puerto Rico, con una cabida superficial de 1,317.2964 metros cuadrados. En lindes por el Noreste, en varias alineaciónes que suman 72.48 metros con terrenos de Providencia Pastrana, Petra Rosa y Rufino Nieves; por el Sur, en 60.97 metros con el solar 37; en el plano de inscripción; y por el Oeste, en varias alineaciones que suman 40.73 metros, con la Calle Núm. 2 en el plano de inscripción.**

It was segregated from property No. 3485, recorded at page 124 of volume 1250 of Caguas, Puerto Rico.

CIVIL NO. 09-1279 (JP)          -3-

The aforementioned First Mortgage Deed executed in favor of the Plaintiff was duly recorded in the Property Registry of Caguas I, at page 84, volume 1334 of Caguas, property number 47,393, where said mortgage appears in full force and effect.

Said mortgage note described above was modified to the amount of $38,700.00 by Deed Number 81, executed in Carolina on November 21, 1990, before Notary Public José H. Banuchi-Hernández and which is duly recorded at the Registry of Property of Caguas, Section I, at page 86, volume 1334 of Caguas, property number 47,393, 4th inscription.

According to information from Plaintiff United States of America, Small Business Administration, the original promissory note of $32,700.00 dated June 22, 1990, described above, while in possession of and under the custody of said agency, was apparently lost, misplaced or destroyed and although a thorough search has been made, Plaintiff has been unable to find or locate said note.

The indebtedness assumed by José M. Aponte-Cruz and Migdalia Dones-Castillo, to the Plaintiff, has been paid in full.

**II.  CONCLUSIONS OF LAW**

Articles 132 and 134 of the Mortgage Law of 1979 as amended, P.R. Laws Ann. tit. 30, §§ 2456, 2458, provides that when a mortgage note has been lost, the mortgage may be canceled by the Registrar of Property only by judicial decree that the mortgage obligation is extinguished.  Said decree must be issued by a court of competent jurisdiction in a civil proceeding such as authorized by the Code of

CIVIL NO. 09-1279 (JP)          -4-

Civil Procedure of Puerto Rico.  Accordingly, the Court hereby **ENTERS JUDGMENT** against the Defendants herein declaring that the aforementioned mortgage obligation is extinguished.  The Court also hereby **ORDERS**:

(1) that the promissory note in the amount of $32,700.00 with interest at the rate of four percent per annum, on the unpaid balance executed by José M. Aponte-Cruz and Migdalia Dones-Castillo, on June 22, 1990, the possession of whomsoever it may now be or become in the future, is hereby declared null and void, and therefore canceled; and

(2) that the Registrar of the Property of Caguas I, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by José M. Aponte-Cruz and Migdalia Dones-Castillo, to secure the payment of the promissory note above described and referred to in the complaint, constituted by the terms of Voluntary Mortgage Deed No. 22 executed before Notary Public José A. Banuchi on June 22, 1990, and which was recorded in the Registry of Property of Caguas I, Puerto Rico, at page 84, volume 1334 of Caguas, Puerto Rico, property 47,393.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of August, 2009.

                                        s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE